# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Pharmaceutical Solutions, Inc., | Civil No. 05-1621 (DWF/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION OPINION AND ORDER** |
| Vitamax RX; American Veterinary Pharmaceuticals, Inc.; Omaha Vaccine Company; CSR Companies, Inc.; Nutritional Pet Specialties; Professional Pharmacy Services, Inc.; Brian Fichter; Tim Harms; Jim Tucker; and Voyd Cannon, | |
| Defendants, | |
| and | |
| Nutritional Pet Specialties; Professional Pharmacy Services, Inc.; and Vitamax RX, | |
| Counter-Claimants, | |
| v. | |
| Pharmaceutical Solutions, Inc., | |
| Counter-Defendant. | |

---

John W. Ryan, Esq., and Michael J. Songer, Esq., Crowell & Moring LLP; and Kathleen M. Loucks, Esq., Gislason & Hunter LLP – Hopkins, counsel for Plaintiff and Counter-Defendant.

Edmund J. Sease, Esq., Janet E. Phipps Burkhead, Esq., and Robert A. Hodgson, Esq., McKee Voorhees & Sease, PLC; and Rebecca J. Bishop, Esq., Altera Law Group, counsel for Defendants and Counter-Claimants Vitamax RX, Nutritional Pet Specialties, and Professional Pharmacy Services, Inc., and counsel for Defendants Brian Fichter, Tim Harms, and Jim Tucker.

Marc A. Al, Esq., Lindquist & Vennum PLLP, counsel for Defendants American Veterinary Pharmaceuticals, Inc., Omaha Vaccine Company, and CSR Companies, Inc.

Voyd Cannon, *Pro Se*, 855 S. Pushmataha Cty. Rd., Atoka, OK, 74525.

---

## Introduction

The above-entitled matter came before the undersigned United States District Judge on December 2, 2005, pursuant to a Motion for a More Definite Statement[1] brought by Defendants American Veterinary Pharmaceuticals, Inc., Omaha Vaccine Company, and CSR Companies, Inc. (collectively, the "American Veterinary Defendants"); and pursuant to Motions to Dismiss for Lack of Jurisdiction brought by Defendants Brian Fichter, Tim Harms, and Jim Tucker (the "Individual Defendants").  In its Complaint, Plaintiff Pharmaceutical Solutions, Inc. ("PSI"), asserts four counts:  (1) Patent Infringement; (2) Slander; (3) Tortious Interference with Prospective Contractual Relations; and (4) Breach of Contract.  For the reasons set forth below, the Individual Defendants' Motions to Dismiss are denied; the American Veterinary Defendants' Motion for a More Definite Statement is granted.

## Background

PSI is a Minnesota corporation with its principal place of business in Northfield, Minnesota.  American Veterinary Pharmaceuticals, Inc., is a registered trade name doing business as Omaha Vaccine Company and CSR Companies, Inc., with an address in Omaha, Nebraska.  Vitamax RX is an Iowa corporation with its address in Nebraska City, Nebraska.  Defendants Brian Fichter, Tim Harms, and Jim Tucker are individuals living in Glenwood, Iowa.

Fichter formed Professional Pharmacy Services, Inc. ("PPS") in November 1999 and served as its President.  PPS was re-named Vitamax RX in September 2004, and Fichter continued in his capacity as President for Vitamax RX.  PSI asserts that Fichter has marketed and sold pharmaceuticals in Minnesota and traveled to Minnesota to speak with potential clients.  PSI contends that through these sales and marketing efforts, Fichter either contributorily infringed or

---

[1] Initially, the Motion was also brought as a Motion to Dismiss Count IV of the Complaint. However, in its briefing on the Motion, PSI agreed to voluntarily dismiss Count IV as against the American Veterinary Defendants.

induced infringement of the patents at issue in this suit. In addition, PSI contends that Fichter traveled to Minnesota to meet with the Pipestone Veterinary Clinic, the Veterinary Medical Center, and Christiansen Farms, at which time PSI alleges Fichter made defamatory statements about PSI. Finally, PSI contends that Fichter negotiated a confidentiality agreement with PSI, signed it in Minnesota, and later breached this agreement.

Harms joined PPS as Vice President of Marketing in 1999 and continued in this capacity for Vitamax RX. Harms lived in Minnesota from 1990 to 1997. PSI asserts that Harms marketed and sold pharmaceuticals in Minnesota and traveled to Minnesota to speak with clients. PSI contends that by these contacts, Harms either contributorily infringed or induced infringement of the patents at issue in this suit. In addition, PSI contends that Harms made defamatory statements about PSI's products to clients that he met with in Minnesota and breached a confidentiality agreement that was signed in Minnesota.

Tucker was a minority owner of PPS, but discontinued his business relationship with the company in October 2004. Tucker performed web development services for PPS that allowed access to PPS's products. PSI asserts that, through these marketing efforts, Tucker aided and abetted other corporations in infringing the patents at issue in this suit. Specifically, PSI contends that these marketing efforts were directed to Minnesota.

## Discussion

### I. Personal Jurisdiction

The Individual Defendants' Motions to Dismiss assert that the Individual Defendants each lacked contacts with Minnesota, outside of their official capacity. Thus, the Individual Defendants assert that personal jurisdiction is lacking.

When personal jurisdiction has been challenged, the plaintiff has the burden to show that personal jurisdiction exists. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102

(8th Cir. 1996) (citing *Gould v. P.T. Krakatau Steel*, 957 F.2d 573, 575 (8th Cir. 1992)). However, to survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant. *Digi-Tel Holdings, Inc. v. Protec Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996) (citing *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995)). When considering whether personal jurisdiction exists, the court may consider matters outside the pleadings; the court may inquire, by affidavits or otherwise, into the facts as they exist. *Stevens v. Redwing*, 146 F.3d 538, 543 (8th Cir. 1998) (quoting *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)). For the purposes of determining whether the plaintiff has made a prima facie showing of personal jurisdiction, the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor. *Digi-Tel*, 89 F.3d at 522 (citing *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991)). In determining whether a court has personal jurisdiction over a non-resident defendant, a court must ordinarily satisfy both the requirements of the state long-arm statute and of federal due process. *Digi-Tel*, 89 F.3d at 522 (citing *Northrup King*, 51 F.3d at 1387). However, because the Minnesota long-arm statute extends jurisdiction to the maximum limit consistent with due process, a court in Minnesota need only evaluate whether the requirements of due process are satisfied. *Wessels, Arnold & Handerson v. National Med. Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir. 1995). Therefore, when analyzing most personal jurisdiction questions in Minnesota, courts may simply apply the federal standards. *Valspar Corp. v. Lukken Color Corp.*, 495 N.W.2d 408, 411 (Minn. 1992).

Federal due process requires that a defendant have "certain minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington, Office of Unemployment Comp. and*

*Placement*, 326 U.S. 310, 316 (1945) (internal quotations omitted). The defendant's conduct and connection with the forum state must be such that the defendant should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The defendant's contacts must be more than "random," "fortuitous," or "attenuated," *Digi-tel*, 89 F.3d at 522 (quoting *Burger King*, 471 U.S. at 475). Instead, the contacts must result from the actions of the defendant itself to create a "substantial connection" with the forum state. *Id.*; *see also Bell Paper Box, Inc. v. Trans Western Polymers, Inc.*, 53 F.3d 920, 922 (8th Cir. 1995) (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223) (1957)).

In accordance with the basic principles of federal due process, the Eighth Circuit applies a five-factor test in determining whether the exercise of personal jurisdiction would pass constitutional muster: (1) the nature and quality of defendant's contacts with the forum state; (2) the quantity of contacts; (3) the source and connection of the cause of action with those contacts; and, to a lesser degree, (4) the interest of the forum state; and (5) the convenience of the parties. *Wessels*, 65 F.3d at 1432. The first three factors are of primary importance, while the last two are "secondary factors." *Minnesota Mining and Mfg. Co. v. Nippon Carbide Indus. Co., Inc.*, 63 F.3d 694, 697 (8th Cir. 1995).

The third factor distinguishes between specific and general jurisdiction. *Digi-Tel*, 89 F.3d at 523, n.4 (citing *Wessels*, 65 F.3d at 1432, n.4). Constitutional law distinguishes between "general" and "specific" jurisdiction cases. *Valspar*, 495 N.W.2d at 411. In a general

jurisdiction case, a defendant maintains such "continuous and systematic" contacts with a state that it becomes subject to the jurisdiction of that state's courts for any purpose. *Morris v. Barkbuster, Inc.*, 923 F.2d 1277, 1281 (8th Cir. 1991) (quoting *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414 n.9, 416, 418–19 (1984)); *Valspar*, 495 N.W.2d at 411. Specific jurisdiction requires that a defendant has "purposely directed" its activities at residents of the forum, and that the litigation results from alleged injuries that "arise out of or relate to" those activities. *Wessels*, 65 F.3d at 1432 (quoting *Burger King*, 471 U.S. at 472).

PSI contends that specific jurisdiction exists over the Individual Defendants. In support of their Motions to Dismiss, the Individual Defendants assert that because they merely directed their activities to Minnesota in their official, not individual, capacities, no personal jurisdiction exists. The Court finds no merit to these arguments. The Court finds that Fichter, Harms, and Tucker purposely directed their activities to Minnesota, by their various marketing and sales contacts. For these reasons, the Court finds that PSI has made a prima facie showing of specific jurisdiction over the Individual Defendants.

## II.     Motion for More Definite Statement

The American Veterinary Defendants contend that Counts I, II, and III of the Complaint are vague and ambiguous and prevent the American Veterinary Defendants from reasonably framing a responsive pleading. The Court finds that requiring PSI to clarify the allegations in the Complaint would allow the American Veterinary Defendants to properly frame a responsive pleading and thus would serve the interests of justice. As a result, the Court finds that a more definite statement is warranted in this case.

As to Count I, the Complaint should identify which product or products allegedly manufactured or sold by the American Veterinary Defendants is alleged to infringe PSI's patents. As to Count II, the Complaint should state who was alleged to have made the defamatory

6

statements and when. Finally, as to Count III, the Complaint should identify the contracts or relationships with which the American Veterinary Defendants allegedly interfered.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Motions to Dismiss for Lack of Jurisdiction brought by Defendants Brian Fichter, Tim Harms, and Jim Tucker (Doc. Nos. 18, 22, and 26) are **DENIED**;

2. The Motion for a More Definite Statement (Doc. No. 41) brought by Defendants American Veterinary Pharmaceuticals, Inc., Omaha Vaccine Company, and CSR Companies, Inc. is **GRANTED**; and

3. Plaintiff Pharmaceutical Solutions, Inc., has 30 days to amend its Complaint to include the information noted above.


Dated: January 3, 2006              s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    Judge of United States District Court